UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

S.D., D. M., H. D., D. S., K.M., D.B.,

    Plaintiffs,

v.                                        Case No. 8:22-cv-146-SDM-AAS

WELLPATH, LLC,
RACHEL MCCARTHY, PASCO
COUNTY, and CHRISTOPHER NOCCO,

    Defendants.
_____/

## ORDER

Yesterday, the court held a hearing on the plaintiffs' motion to compel answers to interrogatories and for an award of reasonable attorneys' fees (Doc. 88). (Doc. 115). As stated at yesterday's hearing, the plaintiffs' motion to compel answers to interrogatories (Doc. 88) is **GRANTED in part** and **DENIED in part.**

The motion to compel answers as to Interrogatory No. 2 is **GRANTED** to the extent that Defendant Wellpath, LLC (Wellpath) must produce a list of formal claims or lawsuits filed between October 1, 2019 and the present against Wellpath by inmates at the Pasco County Jail. Each entry in the list must contain the date, the inmate filing the formal claim or lawsuit, and a short description of the general nature of the claim or lawsuit. To adequately

1

protect the privacy interests of persons involved, the inmate's name in each entry may be initialized, if appropriate.

The motion to compel answers as to Interrogatories No. 11 and 12 is **GRANTED** to the extent that Wellpath must provide a list of any formal complaints between October 1, 2019 and the present by Pasco County or the Pasco County Sheriff's Office addressing dissatisfaction with Wellpath's healthcare personnel or medical services at the Pasco County Jail. Each entry in the list must contain the date, the entity making the complaint, and a short description of the general nature of the formal complaint.

The motion to compel answers as to Interrogatories 3–7 and 13–17 is **DENIED as moot** in light of the January 19th notice (Doc. 114) informing the court the parties resolved the dispute over Wellpath's responses to these interrogatories because Wellpath satisfactorily amended its responses on December 22, 2022.

The motion for attorneys' fees is **DENIED**. Federal Rule of Civil Procedure 37(a)(5)(A) instructs to award fees when a motion to compel is granted unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." The parties in briefing and in argument before the court yesterday describe an October 11, 2022 telephonic

2

conferral and multiple written communications by both parties in attempting to resolve Wellpath's responses to the plaintiffs' interrogatories, including Wellpath's counsel's promise that Wellpath was amending responses to Interrogatories 3–7 and 13–17 as communicated via an email the day before and a letter the day of the plaintiffs' filing of the present motion. Since the filing of the present motion (and over six weeks after the October 11th telephonic conference), Wellpath satisfactorily responded to the majority of the plaintiffs' outstanding interrogatories. This delay, while unnecessarily lengthy and not in the spirit of moving discovery along at an appropriate pace, does not excuse the plaintiffs' filing of the pending motion immediately after being told in two separate communications that Wellpath was amending the responses to ten of the thirteen interrogatories at issue in the motion to compel. For this reason, fees related to those ten interrogatories would not be appropriate. Future failures to timely respond to discovery obligations (including promised amendments to responses), however, may result in an award of attorney's fees. As for the remaining three interrogatories to which this order requires responses, Wellpath was substantially justified in making its objections even though the court overrule those objections.

Wellpath must provide the plaintiffs with answers to Interrogatories 2, 11, and 12 by **February 15, 2023**.

**ORDERED** in Tampa, Florida on January 24, 2023.

3

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge